# EXHIBIT "A"

```
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
(SYRACUSE DIVISION)
-------------------------------------------------------------x
In re:                                            :
                                                  :
THE NEW YORK CHOCOLATE                            :      Case No. 10-_____ - (___)
& CONFECTIONS COMPANY                             :      Chapter 11 Case
                                                  :
Debtor.                                           :
-------------------------------------------------------------x
```

**ORDER GRANTING DEBTOR'S MOTION PURSUANT TO SECTIONS 105(a), 363(b), 507(a)(4) AND 507(a)(5) OF THE BANKRUPTCY CODE AUTHORIZING PAYMENT OF WAGES, COMPENSATION AND EMPLOYEE BENEFITS**

Upon the motion dated April 14, 2010 (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor"), for an order pursuant to sections 105(a), 363(b), 507(a)(4) and 507(a)(5) of title 11 of the United States Code (the "Bankruptcy Code") (A) authorizing, but not requiring, the Debtor to (i) pay, in its sole discretion, wage obligations, expense reimbursements, payroll taxes, and employee benefits, (ii) maintain and continue to honor its practices, programs, and policies for its employees as they were in effect on the Petition Date, and as such may be modified, amended, or supplemented from time to time in the ordinary course, and (B) authorizing the Debtor's financial institution (the "Bank") to receive, honor, process, and pay any and all checks or wire transfers drawn on the Debtor's accounts in satisfaction of employee obligations and employee benefits, as more fully described in the Motion; and upon consideration of the McCormick Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

---

[1]     Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

§§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Northern District of New York, (ii) Oswego County, (iii) Operation Oswego County, Inc., and (iv) all known unsecured creditors in this chapter 11 case, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not required, to satisfy the prepetition Employee Obligations, Employee Benefits and the CRO Salary, each as defined in the Motion, subject to the limits prescribed by the Bankruptcy Code; and it is further

ORDERED that the Debtor is authorized, but not required, to continue to honor its practices, programs, and policies with respect to its Employees as such practices, programs, and policies were in effect as of the Petition Date, including, but not limited to the Employee Obligations and Employee Benefits; and it is further

ORDERED that the Debtor is authorized, but not required, to pay costs and expenses incidental to the payment of the Employee Obligations and Employee Benefits, including all administration and processing costs and payments to outside professionals or independent contractors, in the ordinary course of business, in order to facilitate the administration and maintenance of the Debtor's programs and policies related to the Employee Obligations and Employee Benefits; and it is further

ORDERED that the administrators of the Debtor's Employee Obligations and the administrators of programs related to Employee Benefits, including but not limited to Intuit QuickBooks, can continue to perform their services for the benefit of the Debtor in the ordinary course of business; and it is further

ORDERED that the Bank is authorized, when requested by the Debtor in the Debtor's sole discretion, to receive, process, honor, and pay any and all checks, debits, electronic or wire transfers of funds that are related to Employee Obligations and Employee Benefits, and the costs and expenses incident thereof, whether those checks were presented prior to or after the date of the commencement of this chapter 11 case, provided that sufficient funds are available in the accounts to make such payments; and it is further

ORDERED that the Bank may rely on the representations of the Debtor with respect to whether any check or other transfer drawn or issued by the Debtor prior to the Petition Date should be honored pursuant to this Order, and that the Bank shall have no liability to any party for relying on such representations by the Debtor as provided for herein; and it is further

ORDERED that the Debtor is authorized (consistent with this Order) to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests related to Employee Obligations or Employee Benefits to the extent that such checks or transfers have been dishonored or rejected as a consequence of the commencement of the Debtor's chapter 11 case; and it is further

ORDERED that nothing in the Motion or this Order shall be construed as impairing the Debtor's right to contest the validity or amount of any Employee Obligations, including without limitation Payroll Taxes that may be due to any taxing authority; and it is further

ORDERED that nothing in the Motion shall be deemed a request by the Debtor for authority to assume, and nothing in this Order shall be deemed authorization to assume, any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

Dated: Syracuse, New York
       April __, 2010

                                                _____
                                                United States Bankruptcy Judge

NYK 1277663-3.085280.0011