IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
(SYRACUSE DIVISION)

---------------------------------------------------------------x
In re:                                              :
                                                    :
THE NEW YORK CHOCOLATE            : Case No. 10-30963 - (MCR)
& CONFECTIONS COMPANY             : Chapter 11 Case
                                                    :
Debtor.                                          :
---------------------------------------------------------------x

**INTERIM ORDER GRANTING IN PART DEBTOR'S EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 364(c)(1), (2) & (3), AND 364(e), FED. R. BANKR. P. 2002, 4001, AND 9014, AND LOCAL BANKRUPTCY RULE 4001-3; (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING ON SUPERPRIORITY AND SECURED BASIS, (II) GRANTING INTERIM RELIEF; AND (III) SCHEDULING A FINAL HEARING UNDER FED. R. BANKR. P. 4001(c)**

On April 14, 2010, the above-captioned debtor and debtor in possession ("Debtor") in the above-captioned case (the "Case") filed its "Emergency Motion for Order Under 11 U.S.C. §§ 105, 364(c)(1), (2) & (3), and 364(e), Fed. R. Bankr. P. 2002, 4001, and 9014, and Local Bankruptcy Rule 4001-3 (i) Authorizing Debtor to Obtain Postpetition Financing on Superpriority and Secured Basis, (ii) Granting Interim Relief, and (iii) Scheduling a Final Hearing Under Fed. R. Bankr. P. 4001(c)" (the "Motion").[1] The Motion came before the Court on April 15, 2010 (the "Interim Hearing"), and appearances were as noted in the record.

Upon consideration of the Motion and the accompanying McCormick Declaration, and the Court having heard arguments at the Interim Hearing and having reviewed and considered the pleadings and other documents filed in connection with the relief requested in the Motion and the record and proceedings in the Case, and after due deliberation and good cause appearing therefor;

---
[1] All terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

NYK 1302511-4.085280.0011

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. On April 14, 2010 (the "<u>Petition Date</u>"), the Case was commenced when the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

B. Debtor has requested that the Comité de Gestion de la Filière Café Cacao (the "<u>Lender</u>") extend, and Lender has agreed to extend on the terms set forth in the Debtor in Possession Loan and Security Agreement between Debtor and Lender (the "<u>DIP Loan Agreement</u>"), up to $1.54 million of financial accommodations on a postpetition, secured, superpriority basis (the "<u>DIP Facility</u>").

C. In the absence of adequate interim financing, Debtor will be unable to preserve and maximize the value of its estate. The interim financing approved hereby (i) will permit Debtor to minimize disruption to its affairs pending a final hearing on the Motion, (ii) is necessary to prevent immediate and irreparable harm to Debtor, its estate, and its creditors, and (iii) is limited to the amount of up to $219,500 (the "<u>Interim Borrowing Cap</u>") to fund the Debtor's costs during the first 25 days of the Case as set forth in the annexed budget (the "<u>Budget</u>"), to avoid such immediate and irreparable harm, on an emergency basis, prior to a final hearing on the Motion.

D. Proper, timely, adequate, and sufficient notice of the Motion, and of the proposed relief described therein, was reasonable and appropriate under the circumstances and comports in all regards with the requirements of due process, Bankruptcy Rule 4001, and the rules of the Court, such that no other or further notice of the foregoing or of the entry of this Order is required, except as provided herein.

E.  Determination of the Motion is a core proceeding under 28 U.S.C. § 157(b), and the Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

Therefore, based upon the foregoing findings and conclusions, and upon the record made before this Court at the Interim Hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1.  The Motion is granted in part as set forth in this Order and in accordance with Bankruptcy Code Section 364, Bankruptcy Rule 4001(c)(2), and Local Bankruptcy Rule 4001-3.

2.  All amounts loaned by Lender in accordance with this Order up to and including the Interim Borrowing Cap shall be entitled, pursuant to Section 364(c)(1) of the Bankruptcy Code, to a superpriority administrative expense claim over all other costs and expenses of the estate, subject only to the Carve-Out. The "Carve-Out" means, collectively, (a) the fees of the U.S. Trustee pursuant to 28 U.S.C. § 1930, (b) in the event of a conversion of the Case to a case under chapter 7 of the Bankruptcy Code, the fees and expenses incurred by a trustee and any professional retained by such trustee, in an aggregate amount not to exceed $30,000, and (c) any unpaid fees, costs and expenses that were accrued or incurred, following the occurrence and during the continuance of an Event of Default, by the professionals retained by Debtor or the professionals retained by any official unsecured creditors' committee, if any, in each case to the extent allowed by an order of this Court, in an aggregate amount not to exceed $100,000, provided that any payments actually made to such professionals by order of the Court after the occurrence of an Event of Default on account of fees and expenses actually incurred after the occurrence of such Event of Default shall reduce such $100,000 amount on a dollar-for-dollar basis.

NYK 1302511-4.085280.0011

3. From and after the Petition Date, the Debtor shall use advances of credit under the DIP Facility only for the purposes specifically set forth in this Interim Order in compliance with the Budget.

4. A final hearing on the Motion shall take place in the Court on May 6, 2010, at 1:00 p.m. Notice of the final hearing shall be mailed by the Debtor no later than April 20, 2010 to the Office of the United States Trustee; the Debtor's 20 largest creditors, and all parties who have filed requests for notice under Federal Rule of Bankruptcy Procedure 2002, and objections to final approval shall be filed and served no later than May 3, 2010, at 4:00 p.m.

Dated: Syracuse, New York
April 23 2010

_____
United States Bankruptcy Judge

## Budget

|  | April 14 – April 31, 2010 | May 1 – May 6, 2010 |
|---|---|---|
| Insurance Payment | $104,000 |  |
| Payment to Salaried Employees | $6,400 |  |
| Payment to Hourly Employee | $2,800 | $1,000 |
| Payment to CRO | $10,000 | $10,000 |
| Payment to IDA |  | $9,407.66 |
| Estimated Utility Deposits | $75,000 |  |
| Petty Cash | $892.34 |  |
|  |  |  |
| **TOTAL** |  | $219,500 |

NYK 1302511-4.085280.0011