# DRAFT FORM OF ORDER

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**(SYRACUSE DIVISION)**

```
------------------------------------------------------------x
In re:                                      :
                                            :
THE NEW YORK CHOCOLATE                      :        Case No.  10-30963 - (MCR)
& CONFECTIONS COMPANY                       :        Chapter 11 Case
                                            :
Debtor.                                     :
------------------------------------------------------------x
```

**ORDER AUTHORIZING (I) THE SALE OF SUBSTANTIALLY ALL OF THE**
**DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES**
**AND (II) THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES**

       This matter coming before the Court on June 30, 2010 on the Motion of the Debtor for an

Order Authorizing (1) the Sale of Substantially All of the Assets of Debtor Free and Clear of

Liens, Claims and Encumbrances and (2) the Assumption and Assignment of Executory

Contracts and Unexpired Leases (the "Sale Motion")[1] seeking authority to sell substantially all

of the assets of The New York Chocolate & Confections Company (the "Debtor") to [_____]

---

[1]       Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Sale Motion or the Agreement, as defined herein.

(the "Purchaser") pursuant to the asset purchase agreement attached to the Sale Motion as Exhibit A (as it may be amended, the "Agreement"); and this Court having entered an order dated May 26, 2010 (the "Procedures Order") authorizing the Debtor to conduct, and approving the terms and conditions of, the Auction to consider higher or otherwise better offers for the Debtor's assets; and the Court having reviewed the Sale Motion, the objections filed thereto, and all other papers filed with the Court relating thereto, and all parties in interest having appeared at the Sale Hearing by their respective attorneys, and the objections to the Sale Motion having been either overruled for the reasons set forth on the record at the Sale Hearing, consensually resolved as described at the Sale Hearing, or withdrawn or rendered moot at the Sale Hearing; and the Court having considered the statements of counsel with respect to the Sale Motion at the Sale Hearing; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii) notice of the relief sought in the Sale Motion and the Sale Hearing was sufficient under the circumstances, and, as such, no further notice need be given; (iv) a sound business purpose exists to grant the relief contained herein, and (v) there is good cause to waive the fourteen-day stay imposed by Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and the Court having determined that the legal and factual bases set forth in the Sale Motion, the other papers filed by the Debtor and the statements of counsel made at the Sale Hearing establish just cause to grant the relief ordered herein;

IT IS HEREBY FOUND AND DETERMINED THAT:

# I.    FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]

A.    This Court has jurisdiction and authority to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). Venue of this case in this District is proper under 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are sections 105, 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006 and 9014.

B.    This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the parties may consummate the transactions provided for under the terms and conditions of the Agreement immediately upon entry of this Sale Order.  To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

C.    The Procedures Order was entered on May 26, 2010, under which, among other things, this Court approved certain notice and bidding procedures for the Sale Hearing.  The Procedures Order provided that it was immediately effective upon entry and such order is a final and non-appealable order and remains in full force and effect.

D.    As evidenced by the affidavits of service filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion, the Auction and the Sale Hearing has been provided in accordance with Bankruptcy Code §§ 102(1) and 363(b), Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, 9008 and 9014 and in compliance with the Procedures Order.  Notice of the Sale Hearing was also published in *The New York Times* and *Syracuse, NY Post Standard* on

---

[2]    Findings of fact shall be construed as conclusions of law, and conclusions of law should be construed as findings of fact when appropriate.  *See* Fed. R. Bank. P. 7052.  Any statements of this Court from the bench at the Sale Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference in this Sale Order.

June 1, 2010 and June 7, 2010. The Debtor provided due and proper notice of the sale and the assumption and assignment of each contract and lease (and related Cure Amounts, if any) listed in the Assumption and Assignment Notice to each non-debtor party to such contract or lease. The Debtor further provided due and proper notice of the Sale to any claimant or potential claimant under any Environmental Laws. Such notice was sufficient and appropriate under the circumstances. No other or further notice of the Sale Motion, the Sale Hearing, the assumption and assignment of the Debtor's contracts and leases under the Agreement (collectively, the "Assumed Contracts") or the entry of this Sale Order is necessary or shall be required.

E. A reasonable opportunity to object and be heard regarding the requested relief has been afforded to all interested persons and entities as outlined in the Sale Motion and the Procedures Order.

F. The Debtor has demonstrated a sufficient basis and the existence of compelling circumstances requiring it to enter into the Agreement, sell the Purchased Assets on the terms outlined therein and assume and assign the Assumed Contracts under sections 363 and 365 of the Bankruptcy Code. Such actions are appropriate exercises of the Debtor's reasonable business judgment and are in the best interests of the Debtor, its creditors, and its estate.

G. The Debtor and its professionals have complied, in good faith, in all respects with the Procedures Order. As demonstrated by the evidence adduced at the Sale Hearing, the Debtor (i) afforded interested potential purchasers a full, fair and reasonable opportunity to qualify as bidders and submit their highest or otherwise best offers to acquire the Purchased Assets, (ii) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Purchased Assets and (iii) considered any bids submitted on or before the Bid Deadline. Additionally, the Debtor has, under the circumstances,

adequately and appropriately marketed the Purchased Assets through, inter alia, the dissemination of information regarding the Purchased Assets to interested purchasers.

H.     The offer of the Purchaser, upon the terms and conditions set forth in the Agreement, including the form and the total consideration to be realized by the Debtor pursuant to the Agreement, (i) is the highest and best offer received by the Debtor, (ii) is fair and reasonable, (iii) is in the best interests of the Debtor, its creditors and its estate, and (iv) constitutes full and adequate consideration and reasonably equivalent value for the Purchased Assets under the Bankruptcy Code and the Uniform Fraudulent Transfer Act and fair consideration under the Uniform Fraudulent Conveyance Act.  The Debtor's determination that the Agreement constitutes the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtor's reasonable business judgment.

I.     On June 30, 2010, the Debtor conducted the Auction under the supervision of the Court in accordance with the Procedures Order entered by the Court and in good faith within the meaning of Bankruptcy Code § 363(m).  Neither the Debtor nor the Purchaser have engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m) or cause the application of or implicate Bankruptcy Code § 363(n) to the Agreement or to the consummation of the sale transaction and transfer of the Purchased Assets to the Purchaser.  The Auction afforded a full, fair and reasonable opportunity for any person or entity to make a higher or otherwise better offer than that reflected in the Agreement.  Upon conclusion of the Auction, the Debtor's determination that the Agreement constituted the highest and best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtor's business judgment.

J.      The Debtor has demonstrated compelling circumstances and a sufficient and sound business purpose and justification for the Sale prior to, and outside of, a plan of reorganization.

K.      The Purchaser is a buyer in good faith, as that term is used in the Bankruptcy Code, and is entitled to the protections of sections 363(m) and 363(n) of the Bankruptcy Code with respect to the Purchased Assets and any closing in connection therewith.  The Agreement was negotiated and entered into in good faith, based upon arm's length negotiations and without collusion or fraud of any kind.  The sale price to be paid by the Purchaser was not controlled by an agreement among potential bidders at such sale.  The transactions contemplated to be undertaken in connection with the Agreement may not be avoided and no damages may be assessed against the Purchaser or any other party under Bankruptcy Code § 363(n) or any other applicable bankruptcy or non-bankruptcy law.

L.      Prior to the transactions contemplated under the Agreement, the Purchased Assets were property of the Debtor's estate and title thereto was vested in the Debtor's estate.

M.      The Debtor has full power and authority to execute the Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets by the Debtor has been duly and validly authorized by all necessary action of the Debtor.  No consents or approvals other than those provided for in the Agreement are required for the Debtor to consummate the transactions described in the Agreement, including, without limitation, the power and right to convey the Purchased Assets to the Purchaser.

N.      The terms of the Agreement are fair and reasonable and the transactions contemplated therein are in the best interests of the Debtor's estate.

O.      The Purchaser would not have entered into the Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtor, its estate, and its creditors, if either (i) the Sale and the assignment of the Assumed Contracts to the Purchaser were not free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, except those expressly assumed by the Purchaser in the Agreement, or (ii) the Purchaser would, or in the future could, be liable for any of such interests, liens, claims and encumbrances, including, but not limited to, any claims against the Debtor based upon successor or vicarious liability or otherwise.

P.      The Debtor may sell the Purchased Assets free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, except as otherwise provided in the Agreement, because, in each case, one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)-(5) has been satisfied.  Those non-debtor parties with interests in the Debtor's assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented to the Sale pursuant to Bankruptcy Code sections 363(f)(2) and 365. Those non-debtor parties with interests in the Debtor' assets who did object fall within one or more of the other subsections of Bankruptcy Code sections 363(f) and 365.  Accordingly, all persons having liens, claims, encumbrances or interests of any kind or nature whatsoever against or in any of the Purchased Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such liens, claims, encumbrances or interests against the Purchased Assets, the Purchaser or any of its assets, property, successors or assigns.

Q.      Except as specifically provided in the Agreement, the transfers contemplated by the Agreement do not and shall not subject the Purchaser to any liability for claims against the Debtor by reason of such transfers under: (i) the laws of the United States, any state, territory or

possession thereof, including claims relating to the operation of the Debtor's business before the Closing Date; (ii) any employment contract, understanding, or agreement, including, without limitation, employee pension plans, or employee welfare or benefit plans; and/or (iii) any additional contracts and/or other agreements which have been previously entered into by the Debtor and which are not Assumed Contracts.

R.    At the Closing under the Agreement, the Debtor may assume each contract and lease listed on Schedule 1 of the Agreement, and assign each of them to the Purchaser or its designee pursuant to sections 363 and 365 of the Bankruptcy Code and this Sale Order notwithstanding any anti-assignment clause or other similar provision in the Assumed Contracts, as provided by section 365(f) of the Bankruptcy Code.  The assumption and assignment of the Assumed Contracts listed on Schedule 1 of the Agreement is in the best interest of the Debtor and its estate, creditors and other parties in interest, representing the reasonable exercise of sound and prudent business judgment by the Debtor.  The Purchaser and the Debtor have provided evidence of adequate assurance of future performance by the Purchaser under the Assumed Contracts.

S.    The Purchaser (i) has cured, or has provided adequate assurance of cure, of any default existing prior to the date hereof under any of the Assumed Contracts, within the meaning of Bankruptcy Code section 365(b)(1)(A), and (ii) has provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed Contracts, within the meaning of Bankruptcy Code section 365(b)(1)(B).

T.    The cure amounts, if any, set forth in the Assumption and Assignment Notice with respect to each Assumed Contract (collectively, the "Cure Amounts") are the sole amounts

necessary under sections 365(b)(1)(A) and (B) and 365(f)(2)(A) of the Bankruptcy Code to cure all defaults and pay all actual pecuniary losses under the Assumed Contracts. In accordance with the method set forth in the Agreement, the Purchaser shall pay the Cure Amounts for each of the Assumed Contracts.

U.     The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full. The transfer of the Purchased Assets to the Purchaser shall be a legal, valid and effective transfer of the Purchased Assets and, except for the Assumed Liabilities, shall vest the Purchaser at Closing with all rights, title and interest in and to the Purchased Assets, free and clear of all claims (as defined in section 101(5) of the Bankruptcy Code, the "Claims"), liens (as defined in section 101(37) of the Bankruptcy Code, the "Liens"), encumbrances and all other interests (collectively, and including each of the foregoing, the "Interests"), including, but not limited to: (1) those that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal or termination of the Debtor's interest in the Purchased Assets, or any similar rights, including rights under section 365(h) of the Bankruptcy Code; (2) those relating to taxes arising under or out of or in connection with, or in any way relating to the operation of the Purchased Assets prior to the Closing; and (3) (a) those arising under all mortgages, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens, judgments, demands, encumbrances, rights of first refusal or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, and (b) all debts arising in any way in connection with any agreements, acts or failures to act of the Debtor or any of the Debtor's predecessors or affiliates, Claims, obligations, liabilities, demands, guaranties, options, rights, contractual or other commitments, restrictions, interests and matters of any kind and nature, whether known or

unknown, contingent or otherwise, whether arising prior to or subsequent to the commencement of this bankruptcy case, and whether imposed by agreement, understanding, law, equity or otherwise, including, but not limited to, Claims otherwise arising under doctrines of successor liability to the greatest extent permitted by applicable law.

V.     The transfer of the Purchased Assets free and clear of all Interests will not result in any undue burden or prejudice to the holders of such Interests as all such Interests shall attach to the net proceeds of the sale of the Purchased Assets received by the Debtor in the order of their priority, with the same validity, force and effect which they now have against the Purchased Assets and subject to any claims and defenses the Debtor or other parties may possess with respect thereto.  All persons having or holding an Interest of any kind or nature whatsoever against or in the Purchased Assets shall be forever barred, estopped and permanently enjoined from pursuing or asserting such an Interest in or against the Purchaser, any of its assets, property, successors or assigns or against the Purchased Assets.

W.     The Purchaser is assuming only the Assumed Liabilities, as defined and set forth in the Agreement, and is not assuming any obligations other than the Assumed Liabilities.

X.     The Debtor is assuming, assigning, and selling to the Purchaser only the Assumed Contracts in accordance with the terms of the Agreement and is not assuming, assigning, or selling any executory contracts or unexpired leases other than the Assumed Contracts.  Once the Assumed Contracts have been assigned, then the Purchaser shall have all of the Debtor's rights under such agreements, including, without limitation, the right to use any and all intellectual property which is or may be the subject of such Assumed Contract.

Y.     The transactions contemplated under the Agreement do not amount to a consolidation, merger or de facto merger of either the Purchaser or the Debtor and/or its estate,

particularly as there is no substantial continuity between the Purchaser and the Debtor, no continuity of enterprise between the Purchaser and the Debtor and the Purchaser is not a mere continuation of either the Debtor or its estate.

Z.      Given all of the circumstances of the Debtor's chapter 11 case and the adequacy and fair value of the Purchase Price and the assumption by the Purchaser of the Assumed Liabilities under the Agreement, the proposed Sale of the Purchased Assets to the Purchaser under the Agreement constitutes a reasonable and fair exchange of consideration and reasonable and sound exercise of the Debtor's business judgment, and should be approved.

AA.     All findings of fact and conclusions of law announced by the Court at the Sale Hearing are incorporated herein.

BB.     Time is of the essence in consummating the Sale.  In order to maximize the value of the Purchased Assets, it is essential that the Sale occur promptly, and within the time constraints set forth in the Agreement.  Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

II.     <u>**DECRETAL PROVISIONS**</u>

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

<u>**General Provisions**</u>

1.     Except to the extent that relief was previously granted by the Procedures Order, the Sale Motion is GRANTED, as further described herein.

2.     All objections to the Sale Motion have either been resolved or are OVERRULED.

3.     The provisions of Bankruptcy Code section 363(n) have not been violated and notice of the Sale Hearing was fair and adequate under the circumstances and complied in all respects with Bankruptcy Code section 102(1) and Bankruptcy Rules 2002, 6004 and 6006.

<u>**Approval of the Agreement**</u>

4.     The Agreement and all of the terms and conditions thereof are hereby approved.

5.     The sale to the Purchaser is approved pursuant to sections 105, 363 and 365 of the Bankruptcy Code, and the Debtor and the Purchaser and all of their affiliates, officers, directors, employees and agents are authorized and directed to immediately take such actions as are necessary to consummate and implement the Agreement. The terms and conditions of the Agreement are hereby approved in all respects.

6.     The Debtor, as well as its affiliates, officers, directors, employees and agents, are authorized and directed to execute and deliver the Agreement, together with all additional agreements, instruments and documents that may be reasonably necessary or desirable to implement the Agreement and effectuate the provisions of this Sale Order and the transactions approved hereby, all without further order of the Court. Additionally, pursuant to section 363(b) of the Bankruptcy Code, the Debtor is hereby authorized and empowered to fully assume, perform under, consummate, and implement the Agreement, together with such additional

agreements, instruments and documents that either the Debtor or the Purchaser may deem to be reasonably necessary or desirable to implement and/or effectuate the terms of the Agreement, and to take all further actions as may reasonably be requested by the Purchaser for the purpose of selling, assigning, transferring, granting, conveying, conferring and delivering to the Purchaser, or transferring to the Purchaser's possession, any or all of the Purchased Assets, or as may be necessary or appropriate to the performance of the obligations, and make effective the transactions contemplated by the Agreement, all without further order of this Court.

### Transfer of the Purchased Assets

7.      Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized to transfer the Purchased Assets in accordance with the terms of the Agreement.

8.      The transfer of the Purchased Assets shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law and no damages may be assessed against the Purchaser or any other party pursuant to Bankruptcy Code § 363(n).

9.      Except for the Assumed Liabilities, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the Purchased Assets shall be transferred to the Purchaser and upon the Closing shall be free and clear of all Interests of any kind or nature whatsoever (including, but not limited to, those described in Recital U of this Sale Order), and all such Interests of any kind or nature whatsoever shall attach to the net cash proceeds of the transactions in the order of their priority, with the same validity, force and effect that they now have as against the Purchased Assets, subject to any claims and defenses the Debtor may possess with respect thereto that were not previously waived.  Upon Closing, the Purchaser shall be vested with all of the rights, title and interest of the Debtor and its estate in and to the Purchased Assets and the Assumed Contracts, free and clear of all claims, liens, interests and encumbrances of any kind, pursuant to

Bankruptcy Code § 363(f) and this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets and/or a bill of sale transferring good, marketable and indefeasible title and interest in and to the Purchased Assets to the Purchaser.

10.      All persons or entities holding liens, claims, encumbrances or interests of any kind or nature with respect to the Purchased Assets and/or Assumed Contracts are hereby barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise pursuing such liens, claims, encumbrances or interests of any kind or nature against the Purchaser, its successors or assigns, or against the Purchased Assets. This Sale Order is and shall be effective as a determination that all liens, claims, encumbrances, and interests shall be and are, without further action by any person or entity, released with respect to the Purchased Assets and/or Assumed Contracts as of the Closing.

11.      Except as expressly permitted otherwise by this Sale Order, all persons and entities, including, but not limited to, all debt security holders; equity security holders; governmental, tax and regulatory authorities; lenders; trade creditors; and other creditors holding Interests of any kind or nature whatsoever against or in the Debtor or the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with or in any way relating to the Debtor, the Purchased Assets, the Assumed Contracts, the operation of the Purchased Assets prior to the Closing or the transactions contemplated under the Agreement are forever barred, estopped and permanently enjoined from: (i) asserting against the Purchaser, its successors or assigns, their property, or the Purchased Assets such persons' or entities' Interests; (ii) commencing or continuing, in any manner or in any place, any action or other proceeding

relating, referring or pertaining to the Purchased Assets, and/or Assumed Contracts; and (iii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order relating, referring or pertaining to the Purchased Assets and/or Assumed Contracts.

### Assumption and Assignment of Assumed Contracts to the Purchaser

12.     Pursuant to Bankruptcy Code sections 105(a) and 365, and subject to and conditioned upon the Closing, the Debtor's assumption and assignment to the Purchaser of the Assumed Contracts is hereby approved, and the requirements of Bankruptcy Code section 365(b)(1) with respect thereto are hereby deemed satisfied.  For purposes of this Sale Order, the Term "Assumed Contracts" will include: (a) any contract set forth on Schedule 1 of the Agreement; and (b) to the extent assignable, all Necessary Licenses and Permits listed on Schedule [__] of the Agreement.

13.     The Debtor is hereby authorized and directed in accordance with Bankruptcy Code sections 105(a) and 365 to (a) assume and assign to the Purchaser, effective upon the Closing, the Assumed Contracts free and clear of all interests, liens, claims and encumbrances of any kind or nature whatsoever, except as provided in the Agreement, and (b) execute and deliver to the Purchaser such agreements, documents or other instruments as may be necessary to sell, assign, transfer, convey and deliver the Assumed Contracts to the Purchaser.

14.     The Assumed Contracts shall be transferred to, and remain in full force and effect for the benefit of, the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract (including those of the type described in sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits, restricts, or conditions such assignment or transfer and, pursuant to Bankruptcy Code section 365(k), the Debtor shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and assumption by the Purchaser.

15.     All defaults or other obligations of the Debtor under any Assumed Contract arising or accruing prior to the date of this Sale Order (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code) shall be deemed cured upon payment at the Closing or as soon thereafter as practicable of the Cure Amounts with respect to each Assumed Contract.

16.     Except for the obligation to pay the Cure Amounts, each nondebtor party to an Assumed Contract hereby is forever barred, estopped, and permanently enjoined from asserting against the Debtor or the Purchaser, or the property of any of them, any default existing as of the date of the entry of this Sale Order, whether declared or undeclared or known or unknown; or, against the Purchaser, any counterclaim, defense, setoff or any other claim asserted or assertable against the Debtor.

17.     The failure of the Debtor or the Purchaser to enforce at any time one or more terms or conditions of any Assumed Contract shall not be a waiver of such terms or conditions, or of the Purchaser's rights to enforce every term and condition of such Assumed Contract.

18.     Any provisions in any Assumed Contract that prohibit or condition the assignment of any Assumed Contract or allow the non-debtor party to such Assumed Contract to terminate, recapture, impose any penalty, condition a renewal or extension, or modify or limit any term or condition upon the assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. Without limiting the foregoing, any "going dark", continuous operating restrictions, minimum purchase requirements and/or other related restrictions in any Assumed Contract are unenforceable anti-assignment clauses under sections 365(f)(1) and (3) of the Bankruptcy Code. Any portions of the Assumed Contracts which permit the counterparty to cancel the remaining terms of the Assumed Contracts

if the Purchaser discontinues the operation of the facilities or fails to make minimum purchases are invalid *ipso facto* clauses under section 365(e) of the Bankruptcy Code, and any counterparty shall not have the right to cancel the Assumed Contracts or impose any penalty by reason of such cessation of operations, the assignment of the Assumed Contracts to the Purchaser or the interruption of business activities at the property in order to enable the Purchaser to restart operations upon completion of all necessary repairs. All other requirements and conditions under sections 363 and 365 of the Bankruptcy Code for the assumption by the Debtor and assignment to the Purchaser of the Assumed Contracts have been satisfied and all counterparties to such Assumed Contracts shall be deemed to have consented to the assignment to the Purchaser as contemplated by section 365(c) of the Bankruptcy Code. Upon the Closing, in accordance with sections 363 and 365 of the Bankruptcy Code, the Purchaser shall be fully and irrevocably vested with all rights, title, privilege and interest of the Debtor under the applicable Assumed Contract.

19. The payment of the Cure Amounts (if any) shall (a) effect a cure of all defaults existing under the applicable Assumed Contracts as of the Closing, (b) compensate for any actual pecuniary loss to such non-debtor party resulting from such defaults, (c) constitutes satisfaction in full of all amounts accrued as of the Closing and (d) together with the assumption of the Assumed Contracts by the Purchaser, constitute adequate assurance of future performance thereof. Upon the payment of the Cure Amounts, the Purchaser shall have assumed the Assumed Contracts and, pursuant to sections 363, 365(f), and 365(k) of the Bankruptcy Code, the assignment by the Debtor of such Assumed Contracts shall not be a default thereunder. After the payment of the relevant Cure Amounts, neither the Debtor nor the Purchaser shall have any further obligations to the non-debtor parties to the Assumed Contracts other than the Purchaser's

obligations under the Assumed Contracts that accrue on or after the Closing, or otherwise pursuant to the Assumed Liabilities.

20.     Upon the Closing and the payment of the relevant Cure Amounts by the Purchaser, the Purchaser shall be deemed to be substituted for the Debtor as a party to the applicable Assumed Contracts, and the Debtor shall be relieved from all liability on such Assumed Contracts arising after the Closing.

21.     The Purchaser has provided adequate assurance of its future performance under the relevant Assumed Contracts within the meaning of sections 365(b)(1)(C), 365(b)(3) (to the extent applicable), and 365(f)(2)(B) of the Bankruptcy Code.

22.     There shall be no rent accelerations, assignment fees, increases (including advertising rates), or any other fees charged to the Purchaser as a result of the assignment and assumption of the Assumed Contracts.  The failure of the Debtor or the Purchaser to enforce at any time one or more of the conditions of any Assumed Contract shall not be a waiver of such term or conditions, or of the Debtor's and Purchaser's right to enforce every term and condition of the Assumed Contracts.

23.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, all parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Purchaser or the Purchased Assets any assignment fee, default, breach, or claim or pecuniary loss, or condition to assignment, arising under or related to the Assumed Contracts existing as of the Closing Date or arising by reason of the Closing, except for any post-petition amounts that are Assumed Liabilities being assumed by the Purchaser under the Agreement.

### Additional Provisions

24.     To the extent permissible under applicable law, the Purchaser shall be authorized, as of the Closing, to operate under any license, permit, registration and governmental

authorization or approval of the Debtor with respect to the Purchased Assets and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Purchaser as of the Closing.

25.     Paragraph 24 notwithstanding, to the extent required by law, the Purchaser shall apply for and obtain all necessary federal, state and local approvals, permits and other authorizations necessary to operate.

26.     Except as set forth in the Agreement, the Purchaser shall have no liability or responsibility for any liabilities or other obligations of the Debtor arising under or related to the Purchased Assets prior to the Closing or any liabilities calculable by reference to the Purchased Assets, or relating to other conditions existing on or prior to the consummation of the transactions contemplated by the Agreement, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against the Purchaser.  Without limiting the generality of the foregoing, the Purchaser, except as set forth in the Agreement, shall not be liable for: (i) any fixed, unliquidated or contingent claims against the Debtor or any of its predecessors or affiliates, whether based upon successor or vicarious liability or otherwise, and whether any of such items are known or unknown as of the Closing; (ii) any violation or alleged violation of any environmental laws; or (iii) liabilities under any pension, ERISA, tax, employment, labor, employment or antidiscrimination laws or regulations, any products liability law, or any other liability related to the Debtor or the Excluded Assets.

27.     On and after the Closing, each of the Debtor's creditors asserting a lien in any of the Purchased Assets is authorized and directed to execute such documents and take all other actions as may be necessary to release its liens on or against the Purchased Assets being transferred pursuant to the Agreement, as such liens may have been recorded or otherwise exist;

provided that the failure of any such creditors to comply with the provisions of this paragraph shall in no way limit the release, discharge and termination of any such lien against the Purchased Assets purchased as otherwise provided by this Sale Order.

28.     If any person or entity that has filed financing statements, mortgages, mechanics' liens, lis pendens, or other documents or agreements evidencing claims against or in the Debtor or the Purchased Assets shall not have delivered to the Debtor prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor or the Purchased Assets or otherwise, then (at the Closing) only with regard to the Purchased Assets being acquired by the Purchaser pursuant to the Agreement, the Purchaser is hereby authorized to file, register or otherwise record a certified copy of this Sale Order (and file any UCC-3 termination statements), which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all claims against the Purchased Assets other than the Assumed Liabilities and all liabilities and obligations under the Assumed Contracts.  This Sale Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state or local government agency, department or office.

29.     The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Agreement and the provisions of this Sale Order.

30.     Each and every federal, state and local government agency or department and all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds and other similar persons are hereby directed to accept any and all documents and

instruments necessary and appropriate to consummate the transactions contemplated by the Agreement and this Sale Order.

31.     All persons or entities that are presently, or on the Closing Date may be, in possession of some or all of the Purchased Assets are hereby directed to surrender possession of the Purchased Assets to the Purchaser on the Closing Date.

32.     Article 6 of the Uniform Commercial Code governing Bulk Sale Transfers and comparable state statutes are not applicable to the sale of the Purchased Assets to the Purchaser.

33.     This Court retains jurisdiction to (a) enforce and implement the terms and provisions of this Sale Order, the Agreement, all amendments or modifications thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; (b) compel delivery of the Purchased Assets to the Purchaser, (c) compel delivery of the Purchase Price; (d) compel specific performance of the Debtor's and the Purchaser's obligations under the Agreement; (e) resolve any disputes arising under or related to the Agreement; (f) interpret, implement and enforce the provisions of this Sale Order; (g) determine any disputes relating to or concerning the receipt, use, application or retention of the proceeds from the sale of the Purchased Assets; (h) determine all disputes concerning any alleged liens, claims, encumbrances, and interests on the Purchased Assets, including the extent, validity, enforceability, priority, and nature of all such alleged liens, claims, encumbrances, and interests; (i) adjudicate any and all issues relating to the Assumed Contracts; and (j) determine and/or adjudicate any disputes concerning any of the injunction provisions set forth herein, including, without limitation, enforcement of the injunctive language set forth in Paragraph 11 herein as well as any dispute or action seeking, *inter alia*, to enjoin the commencement or continuation of any action which attempts to impose successor liability or bulk sale liability.

34.     Nothing contained in any plan of reorganization or liquidation confirmed in this bankruptcy case or the order of confirmation confirming such plan shall conflict with or contradict the provisions of the Agreement or this Sale Order.  To the extent that any provision of this Sale Order is inconsistent with the provisions of the Agreement, any prior order, or any pleading with respect to the motions in this case, the terms of this Sale Order shall control.

35.     The Purchaser is deemed a buyer in good faith of the Purchased Assets and thus is entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code, in the event that this Sale Order is modified on appeal or reversed.

36.     The transactions contemplated by the Agreement are not subject to avoidance pursuant to section 363(n) of the Bankruptcy Code.

37.     The terms and provisions of the Agreement, together with the terms and provisions of this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, the Debtor's estate and the Debtor's creditors, the Purchaser and its affiliates, successors and assigns, and any affected third parties and persons or entities asserting a claim against or interest in or lien on the Debtor's estate or any of the Purchased Assets to be sold to the Purchaser pursuant to the Agreement, notwithstanding any subsequent appointment of any trustee for the Debtor under any chapter of the Bankruptcy Code, as to which trustee such terms and provisions likewise shall be binding in all respects.

38.     The Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material and notice of such modification, amendment or supplement is provided to the Comité and the United States Trustee.

39.     The Debtor and the Purchaser are hereby authorized and directed to take all actions reasonably necessary to effectuate the terms of the Agreement, the transactions contemplated thereunder and the provisions of this Sale Order, all without the necessity of any further order of this Court.

40.     The provisions of Bankruptcy Rules 6004(g) and 6006(d) shall not apply to stay the consummation of the sale of the Purchased Assets to the Purchaser under the Agreement, as contemplated in the Sale Motion and approved by this Sale Order, and the Debtor and the Purchaser are hereby authorized to consummate the transactions contemplated and approved herein immediately upon entry of this Sale Order.  If, in the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Purchaser close under the Agreement, the Purchaser shall be deemed to be acting in "good faith" and shall be entitled to the protections of Bankruptcy Code § 363(m) as to all aspects of the transactions under and pursuant to the Agreement in the event this Sale Order or any authorization contained herein is reversed or modified on appeal.

41.     Any appeal seeking to enjoin or stay the consummation of the Sale (the "Appeal") shall be subject to the appellant depositing or posting a bond in an amount equal to the then aggregate purchase price, and applicable damages, pending the outcome of the Appeal.

42.     The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agreement is hereby authorized and approved in its entirety, as it may be amended or supplemented in accordance with its terms and this Sale Order.  Nothing in this Sale Order shall alter or amend the Agreement and/or the obligations of the Debtor and the Purchaser thereunder.

43.     This Sale Order and the Agreement: (a) shall be binding in all respects upon all creditors of and holders of equity interests in the Debtor (whether known or unknown), any holders of Interests, all non-debtor parties to the Assumed Contracts, the Purchaser and all successors and assigns of the Purchaser, the Debtor, the Purchased Assets and any subsequent trustees appointed in this chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code; and (b) shall not be subject to rejection.  Nothing contained in any chapter 11 plan of reorganization or liquidation confirmed in this bankruptcy case or in any related confirmation order, disclosure statement, or order approving disclosure statement shall conflict with or derogate from the provisions of this Sale Order and the Agreement, and the transactions being in contemplation of, in furtherance of and in connection with such chapter 11 plan.

###

NYK 1317615-3.085280.0011